### HINSON v. THE STATE.

In an indictment, under the 8th section of 8th article of the act concerning "Crimes and Punishments," (R. C. 1835, p. 206.) for "lewdly and lasciviously" abiding and cohabiting, it is sufficient to charge the offence as having been committed on a certain day, and it is not necessary to charge the offence with a continuando. It seems that proof of a single act of such criminal intercourse would not of itself be sufficient to sustain the indictment.

Appeal from the Jefferson Circuit Court.

*Primm for Appellant.*

The appellant has brought his cause here by appeal, and he assigns for error on the part of the circuit court, that they refused,

First, To arrest the judgment;

Second, To grant him a new trial.

*Opinion of the Court by Tompkins, Judge.*

This indictment is founded on the 8th section of the 8th article of the act concerning crimes, in the words of the act.

It charges, in the words of the act, that Isham Hinson, late of, &c., being a married man, and not married to Diana Smith, unlawfully did lewdly and lasciviously abide and cohabit with the said Diana Smith, contrary to the form, &c.

There was a motion for a new trial and in arrest of judgment.

In an indictment under the 8th sec. of 8th art. of the act concerning

First. Against the indictment it is alleged that a single act of cohabitation, not constituting the indictable offence of abiding and cohabiting, the indictment should have charged the offence with a continuando.

The indictment in the case of the Commonwealth v. Calif, 10th Massachusetts Reports, 153, is framed on a statute precisely similar. The defendant in that case admitted that one act of criminal intercourse betwixt him and the woman named in the indictment could be proved, and it was agreed betwixt him and the attorney general, that if such evidence was in the opinion of the court sufficient to maintain the indictment, the defendant would on his arraignment plead guilty to the indictment, and submit, &c. The court being of opinion that such proof would not sustain the charge of associating and cohabiting together (for that is the language of the Massachusetts act,) discharged the prisoner, observing that such evidence might have maintained a charge of adultery. The attorney general of Massachusetts thought it a good indictment, and the court did not seem to think otherwise, for on defect of evidence alone was the prisoner discharged. The counsel for the appellant seemed also to think that the evidence to maintain the charge was slight. Had I been a juror, I could have reconciled myself to find a verdict of guilty on much slighter evidence than what was given in this cause. Because, then, the indictment seems well enough framed, and that there is no deficiency of evidence, the judgment of the circuit court will be affirmed.

SEPT'R TERM, 1841.

Hinson
v.
The State.

' Crimes and Punishments' (R. C. 1835, p. 206,) for "lewdly and lasciviously" abiding and cohabiting, it is sufficient to charge the offence as having been committed on a certain day, and it is not necessary to charge the offence with a continuando. It seems that proof of a single act of such criminal intercourse would not of itself be sufficient to sustain the indictment.